**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LICOBERT WILLIAMS (# L1854)**                                        **PETITIONER**

**v.**                                                                 **No. 2:06CV58-M-A**

**STATE OF MISSISSIPPI, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Licobert Williams (# L1854) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded, and the time for response expired July 16, 2006. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

Licobert Williams pled guilty to armed robbery (Count I), aggravated assault (Count II) and conspiracy (Count III) in the Circuit Court of Coahoma County, Mississippi. He was sentenced July 3, 2002, to serve in the custody of the Mississippi Department of Corrections concurrent terms of twenty-five years with five years suspended on Count I; twenty years on Count II; and five years on Count III. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101.

The petitioner then filed a "Motion for Post-Conviction Relief" in the Coahoma County Circuit Court on April 14, 2005. (Coahoma County Circuit Court Case No. 2002-0033); see also motion attached to Petition for Writ of *Habeas Corpus*. This motion for post-conviction relief was denied on December 13, 2005. The petitioner did not appeal the lower court's decision. The

petitioner also filed a "Motion to Modify Sentence" on July 5, 2005 (*See* motion attached to Petition for Writ of Habeas Corpus), which was denied by Order filed December 13, 2005. Williams filed the instant federal petition for a writ of *habeas corpus* on April 4, 2006.

## Discussion

This case is governed by 28 U.S.C. § 2244(d), which reads:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The deadline for filing a federal *habeas corpus* petition is one year after the date the petitioner's conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin*, 162 F.3d 295 (5th

Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999). By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The Mississippi Supreme Court, however, permits an appeal from a guilty plea within thirty days when the appellant alleges that his sentence is illegal. *Acker v. State*, 797 So.2d 966 (Miss. 2001). The petitioner's conviction thus became final at the expiration of the deadline for seeking review of his alleged illegal sentence under state law. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The petitioner was sentenced July 3, 2002; therefore, his sentence became final August 2, 2002. Counting a year from that date would set the federal *habeas corpus* deadline at August 2, 2003; however, that date fell on a Saturday, which sets the new deadline at August 4, 2003. As set forth above, the petitioner did not file any state post-conviction motions before the federal *habeas corpus* deadline expired on August 4, 2003. As such, he cannot benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). In addition, the petitioner has not alleged any rare or exceptional circumstances to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d at 513-14.

Under the "mailbox rule," a petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Williams did not sign his petition. The petition was received and stamped "filed" in this court on April 4, 2006. Giving the petitioner the benefit of the standard three days for mailing time, the instant petition was filed 970 days after the August 4, 2003, federal *habeas corpus* deadline. As such, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C.

§ 2244(d).  A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 27th day of October, 2006.



 **/s/ Michael P. Mills**
 **UNITED STATES DISTRICT JUDGE**